**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG -3 PM 3: 21

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANGELA D. PURVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-085 |
| | ) |
| JO ANNE B. BARNHART, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Angela D. Purvey ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to November 12, 1999, Plaintiff applied for disability benefits on March 27, 2000. Tr. ("R"), pp. 15-16. Plaintiff alleged disability due to lumbar disc herniations, anemia, tachycardia, and staph infection. R. 15-16. The Social Security Administration denied Plaintiff's application and her request for reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 37-38.

Plaintiff, who was represented by counsel, appeared and testified on her own behalf at a hearing conducted on December 5, 2001. R. 276-312. On May 10, 2002, the ALJ issued a partially favorable decision. R. 12-21.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's lumbar disc herniations constitute a "severe" impairment based on the requirement in the Regulations, 20 CFR §§ 404.1520(b) and 416.920(b).

3. This medically determinable impairment "met the criteria of Sections 1.04A and B of the newly-revised Musculoskeletal Impairments listed in Appendix 1, Subpart P of the Regulations (20 C.F.R., Part 404) from November 12, 1999, through July 19, 2001, a closed period of disability."

R. 15-16.

The ALJ then determined that Plaintiff's disability ceased on July 19, 2001 due to "medical improvement." R. 16. Following the sequential process set forth in 20 C.F.R. §§ 404.1594(f) and 416.994(b)(5) for determining whether a disability has ceased, the ALJ found:

1. The claimant has not engaged in any substantial gainful activity since the alleged onset of disability.

2. Because the claimant has had "surgery and a period of time to recover," the claimant's back condition no longer meets or medically equals one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

3. Subsequent to this "medical improvement" in the claimant's condition, she no longer suffers from herniated discs.

4. This medical improvement related to work-related activities

2

> requires an assessment of the claimant's functional residual capacity ("RFC"). Beginning July 19, 2001, the claimant has had the RFC to perform light work.[1] The claimant's past relevant work as a pants inspector, as described by the claimant, did not require the performance of work-related activities precluded by the claimant's RFC (20 CFR §§ 404.1565 & 416.965).

R. 16-19. Because the ALJ determined that Plaintiff could perform her past relevant work as of July 20, 2001, the sequential evaluation process stopped, see 20 C.F.R. §§ 404.1594(f)(7) & 416.994(b)(5)(vi)), and the ALJ concluded that Plaintiff was no longer disabled. R. 18.

Following the ALJ's decision, Plaintiff sought review by the Appeals Council ("AC"). R. 274-75. The AC denied Plaintiff's request for review, making the ALJ's opinion the Commissioner's final decision. R. 4-7. Plaintiff then timely filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of the adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence,

---

[1]Light work involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d

4

1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff contends: (1) because the ALJ failed to properly consider the opinions of Plaintiff's treating physicians, the Commissioner's decision is not supported by substantial evidence; and (2) the AC erred in failing to consider new evidence submitted by Plaintiff on administrative appeal. Pl.'s Br., pp. 12-15. Neither argument is persuasive.

**A.    The Evidence From Plaintiff's Treating Physicians**

Plaintiff chiefly argues that the ALJ failed to consider evidence showing "that after July 19, 2001 [Plaintiff] continued to suffer from lumbar spine problems and was still in a significant amount of pain." Pl.'s Br., p. 12. In Plaintiff's view, the ALJ ignored this evidence to determine that Plaintiff "no longer suffered from her lumbar spine impairment." Id. at 13. As the Commissioner correctly notes, this is not a fair characterization of the ALJ's opinion. See Comm'r's Br., p. 13. Although the ALJ determined that Plaintiff's condition had improved such that she was no longer disabled, it is clear that the ALJ considered Plaintiff's back condition to be a severe impairment which limited her to performing light work. See R. 18.

In reaching this conclusion, the ALJ did not explicitly reference various pieces of evidence which Plaintiff now contends demonstrate that she is disabled. To be precise,

Plaintiff argues that the ALJ implicitly rejected the opinions of her treating physicians, and this was error. Pl.'s Br., p. 13. Of course, it is well-settled that in the Eleventh Circuit a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Nevertheless, the Court disagrees with the notion that the ALJ rejected the opinions of Plaintiff's treating physicians. Pl.'s Br., p. 13. Rather, the ALJ's statement is a basically accurate summary of the evidence in the record postdating July 19, 2001, including the evidence from Plaintiff's treating doctors. To begin, the Court notes that the ALJ is under no obligation to explicitly refer to any particular piece of evidence, so long as his decision makes it clear that he considered the record as a whole. "In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the Court] to conclude that [the ALJ] considered [the evidence] as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*) (quoting Foote v. Chater, 167 F.3d 1553, 1558 (11th Cir. 1995)); see also McCray v. Massanari, 175 F. Supp.2d 1329, 1336 (M.D. Ala. 2001) (ALJ not required to discuss every piece of evidence in the record). Here, the ALJ's opinion shows that he fulfilled his obligation to consider the record as a whole.

Plaintiff alleges that the ALJ ignored evidence from treating Drs. Stephen N. Barnes,

6

Steven Garner, and Peter O. Holliday. First, Plaintiff points to a July 17, 2001 treatment note from Dr. Barnes observing that Plaintiff is "'still having some pain, which is understandable.'" Pl.'s Br., pp. 12-13 (quoting R. 252). In this same treatment note, Dr. Barnes also provided that he continued to be "very pleased with [Plaintiff's] progress." R. 252. The note contains no further discussion of Plaintiff's condition. See id. Interestingly, this treatment note follows a May 18, 2001 treatment note wherein Dr. Barnes noted that Plaintiff's gait was normal and that she was "doing well." See id. Simply put, Dr. Barnes's July 17th treatment note provides no hint that Dr. Barnes thought Plaintiff was disabled.

Next, Plaintiff points to a November 13, 2001 note from Dr. Barnes opining that Plaintiff had reached maximum medical improvement. Pl.'s Br., p. 13 (quoting R. 230). This note provides no information regarding Plaintiff's limitations, but simply provides that Plaintiff's post-surgery X-rays show "excellent position and alignment." See R. 230. It is difficult to see how the ALJ's opinion can be faulted for not mentioning this note explicitly. Yet, Plaintiff contends that this note is consistent with a contemporaneous note from Dr. Holliday showing that Plaintiff's "fusion was not totally healed," and that Plaintiff "hurts about the same as before surgery." Pl.'s Br., p. 13 (citing R. 231).

Here, Plaintiff's contention is truly baffling. Dr. Holliday's note agrees with Dr. Barnes's assessment that Plaintiff's X-rays "look[ed] very good." Dr. Holliday opined that Plaintiff was "doing well," stated that her "fusion is about totally healed," recorded normal strength and reflex tests, recommended reducing Plaintiff's pain medications, and noted that Plaintiff was "walking a mile or two a day." R. 231. Simply put, although Dr. Holliday noted Plaintiff's continuing complaints of pain, there is nothing in the note to suggest that

the ALJ ignored probative evidence. If anything, Dr. Holliday's November 13th note undermines Plaintiff's disability argument.

Plaintiff also argues that the ALJ ignored Dr. Holliday's July 19, 2001 statement, "[H]opefully we can get her back to work in a year." Pl.'s Br., pp. 13-14 (quoting R. 221). According to Plaintiff, this statement constitutes a medical opinion that Plaintiff was disabled as of July 19th. Id. The problem with this argument is that, in the treatment note, Dr. Holliday indicates that Plaintiff is "doing fairly well," is able to walk "a mile or two a day," and can "walk well." The note posits no limitations, and does not contradict the ALJ's summary of the evidence. In fact, the ALJ relied upon the July 19th note in his opinion. See R. 18. Simply put, Dr. Holliday's statement that he hoped Plaintiff would return to work within a year, when considered in context, is not an opinion that Plaintiff is disabled.[2]

Plaintiff also contends the ALJ ignored a July 23, 2001 note from Dr. Garner noting that Plaintiff "had 'tenderness over her lower lumbosacral spine region.'" Pl.'s Br., p. 13 (quoting R. 234). Here, Plaintiff selectively quotes Dr Garner's treatment notes. Dr. Garner described the tenderness as "mild." R. 234. Furthermore, at a subsequent doctor's visit on September 14, 2001, Plaintiff reported eye irritation from bleach which "splattered" in Plaintiff's eyes while she was "working at home at about 7:00 a.m." R. 233. During this visit, Dr. Garner indicated that Plaintiff "has generally been healthy otherwise with no problems." Id. The ALJ explicitly relied upon Dr. Garner's September 14th note. See R. 17-18.

---

[2] In any event, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 404.1527(e).

8

Furthermore, although Plaintiff does not address this point, it is clear that the ALJ relied heavily upon Plaintiff's daily living activities in assessing her RFC. Plaintiff was able to go shopping, attend church, drive a car, cook meals, wash dishes, sweep, and mop. R. 17. Tellingly, Plaintiff makes no attempt to dispute the ALJ's characterization of her activities, or his conclusion that these activities are consistent with the RFC to perform light work. Of note, at the hearing Plaintiff described being able to lift a gallon of milk and "a 12-pack of soft drinks" when she goes to the grocery store. R. 304-05. Plaintiff also explained that she walks to the grocery store, which is about a "half-mile" from her home, and that a trip to the store and back takes her about thirty minutes. R. 304. Also of note, Plaintiff testified that her doctors had given her no limitations other than instructions to avoid lifting. See R. 298-99.

Simply put, the ALJ's opinion is supported by substantial evidence, and there is no basis from the record for Plaintiff's conclusion that the ALJ improperly rejected evidence from her treating physicians.

**B.   New Evidence**

Next, the Court assesses Plaintiff's argument that the AC erred in failing to review new evidence. Plaintiff actually argues that the new evidence undermines the ALJ's opinion and that "the decision should be reversed and benefits awarded." Pl.'s Br., p. 15. The Eleventh Circuit has explained that sentence four and sentence six of § 405(g) authorize two different types of remand.[3]   Sentence four empowers the Court to set aside the

---

[3]Sentences four through six of § 405(g) provide:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

9

Commissioner's final decision if it finds that the ALJ's decision is not supported by substantial evidence or that the ALJ committed a legal error. Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). On the other hand, sentence six authorizes the Court "to remand a case: 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Id. (quoting 42 U.S.C. § 405(g)).

The courts of appeal are divided over whether, once the AC has denied review, a district court may consider evidence submitted only to the AC in determining whether the ALJ's decision is supported by substantial evidence under sentence four.[4] Admittedly, in the

---

> Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

[4]The Second, Fourth, Eighth, Ninth, and Tenth Circuits have held that the district court should consider such evidence. See Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996); O'Dell v. Shalala, 44

past the Eleventh Circuit's case law on this point was unclear. In Keeton v. Dep't of Health and Human Servs., 21 F.3d 1064, 1067 (11th Cir. 1994), the Eleventh Circuit held "that new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review." Other courts have cited Keeton as supporting the notion that the district court should consider evidence submitted only to the AC in determining whether the ALJ's decision is supported by substantial evidence. See, e.g., Perez, 77 F.3d at 45; O'Dell, 44 F.3d at 858. However, the Eleventh Circuit has since clarified that Keeton does not stand for that proposition. See Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998).

In Falge, the Eleventh Circuit stated unequivocally:

[T]his will be our rule: when the AC has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence.

Id. at 1323. This Court is bound by Falge and must reject Plaintiff's argument that her new evidence shows that the ALJ's opinion is not supported by substantial evidence.

When presented with new evidence that was never presented to the ALJ for review, the Court may only consider whether the new evidence necessitates remand under sentence six of § 405(g); the Court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Id.; see also Keeton, 21 F.3d at 1068. The Eleventh Circuit has further explained the requirements for a claimant

---

F.3d 855, 859 (10th Cir. 1994); Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); Wilkins v. Sec. of HHS, 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*).

On the other hand, the Third, Sixth, Seventh, and Eleventh Circuits have held that the district court cannot consider evidence that was not before the ALJ. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001); Falge v. Apfel, 150 F.3d 1320, 1322-23 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999); Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993); Eads v. Sec'y of HHS, 983 F.2d 815, 817-18 (7th Cir. 1993).

seeking remand for consideration of new evidence as follows:

> (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.

Vega v. Comm'r of Social Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) and Falge, 150 F.3d at 1323). The judicial determination whether a sentence six remand is necessary is a *de novo* proceeding. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

Although Plaintiff's initial brief provides the cursory statement that the new evidence is "probative," Plaintiff makes no attempt to argue that her new evidence necessitates a remand under the standards applicable to sentence six. See Pl.'s Br., p. 15. Because Plaintiff does not request a sentence six remand or address the standards applicable to sentence six remands in either her initial brief or her reply brief, the Court deems any sentence six arguments waived. See Callahan v. Barnhart, 196 F. Supp.2d 1219, 1230 n.5 (M.D. Fla. 2002).

Regardless, the Court is not persuaded that sentence six remand is appropriate. "Not every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." Caulder, 791 F.2d at 876 (quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)). And while it is not necessary for a different administrative result to be "likely," the Court will not issue remand to the Commissioner when there is no real possibility of a different outcome. Cf. Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994)(rejecting requirement that evidence would "likely"

have changed result)(quoting Chaney, 659 F.2d at 679). Such is the case here.

Plaintiff's new evidence consists of: (1) discharge instructions from Fairview Park Hospital, dated June 3, 2002 and June 13, 2002, respectively, showing that Plaintiff left the hospital on both occasions in a wheelchair, (2) a letter from Plaintiff stating little more than that she continues to receive treatment for her back, (3) a radiological report dated May 23, 2002 which evidences degenerative disc disease, and (4) a letter from Dr. Dwayne Clay dated May 12, 2003 which discusses an April 2003 myelogram which evidences degenerative disc disease. R. 267-73.

First, the Court assesses Plaintiff's discharge instructions. R. 267-68. Initially, the Court notes that the discharge instructions provide virtually no information regarding Plaintiff's condition. The discharge instructions do even indicate why Plaintiff went to the hospital. Also of note, although Plaintiff left the hospital in a wheelchair on both occasions, no assistive equipment or devices (such as crutches, a cane, a walker, or wheelchair) were prescribed or provided to Plaintiff when she went home. Id. The instructions also provide that Plaintiff may shower and tub bathe. Id. Put plainly, given the bare nature of the discharge instructions, the Court is not persuaded that they are so material as to require remand.

Furthermore, in order to necessitate a sentence six remand, Plaintiff's discharge instructions must relate to her condition during the time period considered by the ALJ. See Shave v. Apfel, 238 F.3d 592, 597 (5th Cir. 2001)(evidence related to subsequent deterioration of the claimant's condition is immaterial unless it relates to relevant period); see also Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988); Caulder v. Bowen, 791

F.2d 872, 877-78 (11th Cir. 1986). Here, although Plaintiff's discharge instructions are perhaps suggestive of a subsequent deterioration of her condition, the Court is not persuaded that the instructions shed light on Plaintiff's condition at the time of the ALJ's decision. Of note, although Plaintiff left the hospital in a wheelchair on both June 3, 2002 and June 13, 2002, the May 23, 2002 radiology report indicates that Plaintiff was ambulatory. R. 267-68, 271. Thus, although the discharge instructions may lend themselves to the assumption that Plaintiff's condition worsened after May 23, 2002, they do not provide substantive information regarding Plaintiff's condition at the time of the ALJ's decision, let alone as of July 20, 2001.

Next, although the May 23, 2002 radiology report appears to relate to Plaintiff's condition at the time of the ALJ's decision (May 10, 2002), the Court is not persuaded that the report is material. Of note, the report itself provides no explanation of the medical significance of its findings. The report states only that Plaintiff has "mild facet hypertrophy" with no stenosis at "L2 [and] L3," "moderate facet hypertrophy" without stenosis at "L3 [and] L4," and "mild disc bulge" with "some disc degeneration" at "L5 [and] S1." R. 271. As the Commissioner points out, these results are consistent with earlier radiological reports considered by the ALJ. See Comm'r's Br., p. 6. Thus, the report provides no obvious basis for a different administrative outcome. At any rate, Plaintiff does not explain how the report is inconsistent with the ALJ's determination that Plaintiff's back condition remained severe, but was no longer disabling.

Next, the Court disagrees with Plaintiff's statement that Dr. Clay's May 2003 letter shows that Plaintiff's "fusion may not be solid" and that Plaintiff in actuality continues to

meet Listing 1.04A and B. Pl.'s Br., p. 15. The letter states that an April 2003 myelogram shows "fusion" with "satisfactory alignment and position." R. 273. As the Commissioner points out, Dr. Clay does not suggest that the fusion is not "solid." Comm'r's Br., p. 6. The only other information in the letter is a statement that the myelogram shows degenerative disc disease "at L2/3." R. 273. This finding is consistent with the May 2002 radiological report and prior evidence in the record. Thus, the Court is not persuaded that this evidence is material. At any rate, Plaintiff fails to show how a test performed in May 2003 bears on her condition a year earlier.

Finally, Plaintiff's letter provides no meaningful information regarding Plaintiff's medical care, and thus provides no basis for remand. In sum, Plaintiff has outlined no basis for disturbing the ALJ's decision.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 3rd day of August, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

15